In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00202-CR


______________________________




TAKARA RAY ROSS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


 Gregg County, Texas


Trial Court No. 36,332-A




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Takara Ray Ross appeals from his conviction on three counts of aggravated sexual assault,
on an open plea of guilty. For each conviction, the trial court sentenced Ross to twenty-five years'
imprisonment, to run concurrently. The State alleged that Ross had committed the three aggravated
sexual assaults on his stepdaughter. Ross was asked by a police detective to come to the station to
"talk about it"; during the course of the interaction, Ross confessed to the offenses. The nature of
that interaction is the main issue in this appeal.

 Ross raises a single issue on appeal, contending that the trial court erred by overruling his
motion to suppress his oral statement--which was taken without a preceding Miranda (1) warning. 
The State takes the position that the interaction was not the result of a detention, and, therefore, such
warnings were not required.

 At trial, when a video recording of Ross' confession was tendered into evidence, Ross'
counsel affirmatively stated that he had no objection to the admission of the evidence. Generally,
a complaint about the introduction of evidence is not preserved for our review unless there has been
an objection at the time the evidence was admitted. See Tex. R. App. P. 33.1. Furthermore, even
when there is an objection to evidence before trial, the statement that there is "no objection" when
it is introduced waives any previous objection. See Swain v. State, 181 S.W.3d 359, 368 (Tex. Crim.
App. 2005); Moody v. State, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992).

 Because Ross' counsel affirmatively stated that he had no objection to the introduction of the
evidence seized from Ross, we conclude that Ross did not preserve his complaints regarding the
admission of that evidence. (2)

 We affirm the judgment.




 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 4, 2009

Date Decided: August 7, 2009


Do Not Publish

1. Miranda v. Arizona, 384 U.S. 436 (1966).
2. There are some unusual factors in this case. Ross is deaf (although not profoundly deaf),
but apparently can read lips. There are a number of references to his ability to communicate with
the various individuals involved in the proceeding. No interpreter was requested or provided. Ross'
formal education ended at approximately the eighth grade, and his mother testified that he went
through his schooling in special education classes. A counselor examined Ross and placed him, with
an IQ of sixty-five, in the extremely low range of intellectual functioning, but concluded that,
although he suffered from "diminished intellectual abilities," he could adequately understand the
charges and adequately communicate with his attorney in assisting with his own defense. 

 The evidence presented showed that Ross was asked to appear, that he rescheduled the
interview by a day, and that he was neither arrested before or during the interview, nor placed in any
restraints. The officer testified that Ross was free to leave during the interview and that he was
arrested following the interview--after Ross had admitted the sexual misconduct.

 The trial court conducted a pretrial suppression hearing and overruled the motion to suppress. 
It entered findings of fact and conclusions of law, ultimately concluding that Ross was not in custody
at the time that he confessed. 


stice
 
Date Submitted:          May 3, 2004
Date Decided:             May 4, 2004